UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| MICHAEL WAYNE COUCH<br><br>    Plaintiff,<br><br>v.<br><br>"TEEN CHALLENGE AMERICA CHAD'S HOPE," ET AL.,<br><br>    Defendants. | Civil Action No. 6:23-115-KKC<br><br><br><br>MEMORANDUM OPINION<br>AND ORDER |

*** *** *** ***

Michael Wayne Couch is a pretrial detainee at the Clay County Detention Center in Manchester, Kentucky. Proceeding without an attorney, Couch filed a civil rights complaint with this Court pursuant to 42 U.S.C. § 1983. [R. 1]. That pleading is now before the Court on initial screening pursuant to 28 U.S.C. § 1915(e)(2).

In Couch's complaint, he names a local drug rehabilitation center and its current and former directors as defendants, and he asserts a number of allegations related to his experience at the center, which he ultimately characterizes as "a sweat shop." [R. 1 at 1-3]. Couch then claims that the defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. [*Id.* at 4]. For relief, Couch says, "I want $10 million dollars." [*Id.* at 8].

The Court has reviewed Couch's complaint but will dismiss his pleading without prejudice because, at least as presently drafted, it fails to state a claim on which relief may be granted against the named defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). After all, the United States Court of Appeals for the Sixth Circuit has made it clear that "[a] § 1983 claim must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the

deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).  Here, Couch asserts constitutional claims, but he does not allege that any of the defendants were state actors or otherwise acting under the color of state law [*see* R. 1], as required to proceed under § 1983.  Absent such an allegation, Couch's complaint is unavailing.

In light of the foregoing, the Court will dismiss Couch's present pleading.  The Court's dismissal, however, will be without prejudice to Couch's right to file a new complaint, and thus initiate a new civil action, in which he puts forth allegations vis-à-vis the state actor issue and/or asserts other legal claims against the named defendants.  Forms needed to initiate a new civil action are available upon request from the Clerk's Office.

Accordingly, it is **ORDERED** as follows:

1. Couch's complaint [R. 1] is **DISMISSED** without prejudice.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This the 21st day of June, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY